**In re KALLAY.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V94–75433.

Decided Feb. 4, 1997.

*Christine P. Schuck,* for the applicant.

*Betty D. Montgomery,* Attorney General, for the state.

DEAN STRAUSBAUGH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the July 31, 1996 order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, which found that applicant Edward K. Kallay qualified as a victim of criminally injurious conduct pursuant to R.C. 2743.51(L)(3) and *In re Coss* (Sept. 22, 1993), Ct. of Cl. No. V91–83524tc, unreported.

The panel further ordered the Attorney General to continue to investigate the applicant's special-duty work loss in accordance with the December 8, 1995 referral order and to file a new finding of fact and recommendation addressing this issue.

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant presented sufficient evidence to meet his burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

The issue before this court is whether the applicant qualifies as a victim of criminally injurious conduct.

R.C. 2743.51(L) defines "victim" as follows:

" 'Victim' means a person who suffers personal injury or death as a result of any of the following:

"(1) Criminally injurious conduct;

"(2) The good faith effort of any person to prevent criminally injurious conduct;

"(3) The good faith effort of any person to apprehend a person suspected of engaging in criminally injurious conduct."

R.C. 2743.51(C)(1) defines "criminally injurious conduct":

" 'Criminally injurious conduct' means either of the following:

"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state."

The court finds the panel's reliance on *Coss* misplaced and adopts the Attorney General's opinion that the decision in *In re May* (Feb. 29, 1996), Ct. of Cl. No. V94–43540jud, unreported, is controlling.

Based on facts similar to those in the instant claim, Judge Leach found in *May* that the police officer who was injured when he exited his vehicle and slipped on ice did not qualify as a victim of criminally injurious conduct. At the time of the incident in *May,* the officer was also assisting with the execution of a warrant. As stated in *May,* "If criminally injurious conduct was the cause of Officer May's slip and fall, then every police officer would be eligible for reparations every time he responds to a call or executes a warrant, without regard to the application of traditional proximate cause standards."

In the instant case, Officer Kallay had exited his vehicle and was securing the back of the residence in an attempt to serve a warrant for felony rape when he stepped in a hole and injured his foot. The alleged felon was not at the residence, and there was no confrontation with any alleged offenders.

The criminally injurious conduct of felony rape was not the proximate cause of the applicant's injuries, nor was the attempted execution of the arrest warrant. The injury sustained by the applicant was not the result of any criminally injurious conduct, any attempt to prevent criminally injurious conduct, or as a result of a good faith effort to apprehend a person engaging in criminally injurious conduct. The injuries sustained by the applicant were simply the result of an intervening act of the applicant stepping in a hole and twisting his ankle.

Accordingly, the court finds that the applicant was not a victim of criminally injurious conduct.

Upon review of the file in this matter, the court finds that the panel of commissioners was arbitrary in finding that the applicant did show, by a preponderance of the evidence, that he was entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable and unlawful, inasmuch as the principles of traditional proximate cause standards were not applied. Therefore, this court reverses the decision of the three-commissioner panel, and hereby denies the applicant's claim.

Upon review of the evidence, the court finds that the order of the panel of commissioners must be reversed and the Attorney General's appeal must be granted.

IT IS HEREBY ORDERED THAT:

1. The order of July 31, 1996 is REVERSED;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*Judgment accordingly.*

DEAN STRAUSBAUGH, J., retired, of the Tenth District Court of Appeals, sitting by assignment.