[Cite as *In re Haverstick*, 2009-Ohio-7218.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: DAVID   HAVERSTICK

DAVID HAVERSTICK

       Applicant

Case No. V2009-40285

Commissioners:
Karl C. Kerschner, Presiding
Thomas H. Bainbridge
Lloyd Pierre-Louis

ORDER OF A THREE
COMMISSIONER PANEL

_____

{1}On June 27, 2008, the applicant, David Haverstick, filed a compensation application as the result of being injured while on duty as an Akron Police Officer.   The applicant related that on February 28, 2008, while assisting in the serving of a search warrant he injured his back (herniated disc L4, L5) running with a battering ram across a snow-covered courtyard.   He asserted he slipped on ice and snow causing him to twist and stumble and subsequently injure his back.   On October 24, 2008, the Attorney General issued a finding of fact and decision denying the claim because all medical, work loss, and mileage expenses had been reimbursed from the Bureau of Workers' Compensation  and the Police and Fireman's Insurance Association, readily available collateral sources.   On October 24, 2008, the applicant submitted a request for reconsideration.   On April 2, 2009, the Attorney General rendered a Final Decision finding the applicant was not a victim of criminally injurious conduct.   On April 13, 2009, the applicant filed a notice of appeal from the April 2, 2009 Final Decision of the Attorney General.   Hence, a hearing was held before this panel of commissioners on September 2, 2009 at 9:50 A.M.

{2}The applicant, David Haverstick, and his attorney, Kevin Sanislo, appeared at the hearing while Assistant Attorneys General Amy O'Grady and Lyndsay Nash represented the state of Ohio.

{3}The sole issue before this panel of commissioners was whether the applicant qualified as a victim of criminally injurious conduct pursuant to R.C. 2743.51(C)(1).

{4}Officer David Haverstick was called as a witness. He testified that on February 28, 2008, he was assisting in serving a narcotics search warrant at a metropolitan housing unit in the city of Akron. His job assignment was to carry a battering ram, weighing approximately 65 lbs., to break down the door of the suspected drug offender's residence. However, due to the fact that the door of the residence was unlocked, the battering ram was not used. Officer Haverstick stated he believed he sustained injury to his back either slipping on the ice while running through the courtyard or bringing the battering ram back in his attempt to open the door. Officer Haverstick then described the pain he suffered and his subsequent transportation to the hospital. Officer Haverstick outlined the medical treatment he received as a result of his injuries.

{5}Upon cross-examination, Officer Haverstick stated that there was approximately 6 to 10 inches of snow in the courtyard. This condition caused him to slip and twist while carrying the battering ram. The suspect was not at the residence at the time entry was made. The officer had no contact with the suspect. Officer Haverstick was shown an incident report which stated the cause of the incident was listed as behavior of employee, weather and ice. The accident type indicated slip, trip, fall, walking and climbing. Officer Haverstick admitted he filled out the incident report and signed the document. Whereupon, the cross-examination of the witness was concluded.

{6}The applicant asserted that the injury occurred while Officer Haverstick was in the zone of danger.  Accordingly, the injury he sustained was the result of criminally injurious conduct.  The Attorney General countered that it was the intervening act of running through the courtyard  which caused his injury and further asserted it was the accumulation of ice and snow rather than any criminal conduct which caused his injury. The Attorney General asserts that this panel should look for direction in the holding in *In re Kallay* (1997), 91 Ohio Misc. 2d 148.  Furthermore, the Attorney General contends the applicant was not in the zone of danger because he never confronted the suspect. Whereupon, the hearing was concluded.

{7}R.C. 2743.51(C)(1) in pertinent part states:

"(C) 'Criminally injurious conduct' means one of the following:

"(1) For the purposes of any person described in division (A)(1) of this section, any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state."

{8}Under an analogous case, a police officer who was securing the back of a residence in an attempt to serve a warrant for felony rape when he stepped in a hole and injured his foot was not a victim of criminally injurious conduct .  The *Kallay* court asserted in its rationale that the officer was not a victim of criminally injurious conduct because: "[t]he criminally injurious conduct of felony rape was not the proximate cause of the applicant's injuries; nor was the attempted execution of the arrest warrant.  The injury sustained by the applicant was not the result of any criminally injurious conduct, any attempt to prevent criminally injurious conduct or as a result of a good faith effort to apprehend a person engaging in criminally injurious conduct.  The injuries sustained by

the applicant were simply the result of an intervening act of the applicant stepping in a hole and twisting his ankle." *In re Kallay* (1997), 91 Ohio Misc. 2d 148, 150.

{9}Similarly, the *May* court held that an officer who slipped and fell prior to the execution of a search warrant was not a victim of crime since the slip and fall was a superseding, intervening cause of his injuries. Furthermore, the Victims of Crime Act was never intended as a police and firefighters occupational hazard insurance fund or as a supplement to Workers' Compensation. *In re May*, V94-43540tc (2-29-96) affirmed jud (5-10-96).

{10}From review of the file and with full and careful consideration given to the testimony presented at the hearing, we find the applicant failed to prove, by a preponderance of the evidence, that he was a victim of criminally injurious conduct. The applicant was injured as the result of the superseding, intervening act of slipping on the snow and ice covered courtyard. He did not confront the suspect and, moreover, the suspect was not present at the residence. Furthermore, the injury was not sustained breaking down the door. We find this case is analogous to the prior holdings in *In re Kallay* and *In re May*. It is distinguishable from *In re Bassett* since there was no confrontation with the suspect and the door was not opened with the use of the battering ram. Therefore, the April 2, 2009 decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{11}1)   The April 2, 2009 decision of the Attorney General is AFFIRMED;

{12}2)   This claim is DENIED and judgment is rendered for the state of Ohio;

{13}3)　Costs are assumed by the court of claims victims of crime fund.


_____
KARL C. KERSCHNER
Presiding Commissioner


_____
THOMAS H. BAINBRIDGE
Commissioner


_____
LLOYD PIERRE-LOUIS
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2009\Nov-Dec 2009\V2009-40285 Haverstick.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Summit County Prosecuting Attorney and to:

Filed 11-12-09
Jr. Vol. 2273, Pgs. 183-187
Sent to S.C. Reporter 9-30-11